# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ISAIAH C. HAMBURGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-13-0921-F |
| | ) | |
| JOE M. ALLBAUGH, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Isaiah C. Hamburger, a state prisoner appearing through counsel, has filed a petition seeking habeas relief under 28 U.S.C. § 2254, challenging the constitutionality of his criminal conviction by the State of Oklahoma.

On May 24, 2016, Magistrate Judge Charles B. Goodwin entered a Report and Recommendation (the Report). Doc. no. 21. The Report recommends denial of the petition for habeas relief. Petitioner objects to the Report, setting out seven separately-numbered propositions, six of which describe specific objections to the Report.[1]

Objection number one relates to the magistrate judge's findings concerning the trial court's admission of a videotaped interview of the victim which petitioner argued (in ground one of his petition) lacked reliability. Petitioner argues the interview should have been excluded under the principles of Idaho v. Wright, 497 U.S. 805 (1990) (hearsay statements by a minor witness admissible, if reliable). The magistrate

---

[1] Proposition V of petitioner's objections relates to the state's rebuttal evidence. Petitioner concedes that his claim in this regard rests on state law grounds so that he cannot contest the magistrate judge's resolution of this argument. Doc. no. 22, p. 4. Thus, six specific objections are stated to the Report in objections one, two, three, four, six and seven.

judge found petitioner had failed to establish that the Oklahoma Court of Criminal Appeal's (OCCA's) rejection of this claim in the direct appeal was unreasonable or contrary to clearly established federal law, or was based upon an unreasonable determination of the facts, so that habeas relief should be denied.² Doc. no. 21, p. 10.

Objection number two contends that the magistrate judge incorrectly rejected petitioner's argument (raised in ground two of the petition) that by admitting the videotaped interview of the minor victim, the trial court denied petitioner his sixth amendment right to confront the witness. Petitioner argues the age of the witness (four years old at the time of the forensic interview, and five years old at the time of trial) rendered the witness incompetent and essentially impervious to effective cross-examination. The magistrate judge found that the OCCA's rejection of this Confrontation Clause claim was neither an unreasonable application of, nor contrary to, clearly established federal law, so that petitioner was not entitled to relief. Doc. no. 21, p. 15.

Objection number three argues the magistrate judge incorrectly rejected petitioner's argument (raised in ground three of the petition) that petitioner was denied a fundamentally fair trial when he was charged under the general Oklahoma statute governing lewd acts (which carries a sentence of 25 years to life) rather than under what petitioner contends is the more specific Oklahoma statute governing forcible oral sodomy (which carries a sentence of zero to twenty years). The magistrate judge found that petitioner failed to show he was denied a fundamentally fair trial due to the fact that he was charged and convicted of lewd acts with a child. The magistrate judge found petitioner could not show that the OCCA's denial of this claim in the direct

---

²All of the alleged grounds for habeas relief were previously rejected, on their merits, by the OCCA.

-2-

appeal was an unreasonable application of or contrary to clearly established federal law, so that petitioner was not entitled to relief. Doc. no. 21, p. 19.

Petitioner's objection to this portion of the Report includes the argument that the magistrate judge offered no discussion or convincing reason as to why Hicks v. Oklahoma, 447 U.S. 343 (1980)(state created liberty interests cannot be arbitrarily denied under the Fourteenth Amendment), does not entitle petitioner to relief. The Report, however, notes petitioner's reliance on due process rights, notes petitioner's citation to Hicks, and rejects petitioner's argument that he had a liberty interest which entitled him to be prosecuted under the statue which carried the shorter sentence. *See*, doc. no. 21, pp. 15-19. That discussion is sufficient.

Objection number four argues the magistrate judge incorrectly rejected the argument (raised in ground four of the petition) that jury instruction number twenty-two violated petitioner's rights in various ways. Petitioner contends that because this instruction provided two options which the jury could use to convict, the instruction violated petitioner's right to a unanimous verdict and his right to notice under due process. This objection argues that the jury instruction improperly broadened the crime charged against the petitioner.

The magistrate judge found that the OCCA properly rejected petitioner's claim that the jury instruction violated his due process rights under the Fourteenth Amendment. Doc. no. 21, p. 24. The magistrate judge found petitioner had not shown that the rejection of this argument by the OCCA was contrary to or an unreasonable application of relevant Supreme court holdings, so that petitioner was not entitled to relief. *Id*. The magistrate judge also rejected petitioner's notice argument, finding petitioner had not demonstrated that the OCCA's holding that he had received adequate notice was unreasonable or contrary to clearly established federal law or that the holding was based upon an unreasonable determination of the

-3-

facts. *Id*. at 26. The magistrate judge found that petitioner was not entitled to relief under ground four of his petition.

Objection number five concerns the state's rebuttal evidence. Petitioner does not object to the magistrate's recommendation that relief be denied with respect to this ground.

Objection number six argues the magistrate judge incorrectly rejected petitioner's argument (raised in the sixth ground of the petition) that his trial counsel denied him effective assistance of counsel by: 1) failing to object to petitioner having been charged with lewd acts with a child rather than forcible oral sodomy, and 2) failing to object when the prosecutor asked petitioner, during cross-examination, whether he had a girlfriend. The magistrate judge found that trial counsel did not act deficiently in failing to argue these matters, so that the first prong of the Strickland v. Washington, 466 U.S. 668 (1984), test for ineffective assistance (deficient performance) was not met. Doc. no. 21, 33. The magistrate judge concluded petitioner had not shown that the OCCA's rejection of his ineffective assistance of counsel claim was either contrary to or an unreasonable application of Strickland's governing standard, so that petitioner was not entitled to relief. *Id*. at 34.

Objection number seven argues the magistrate judge incorrectly rejected petitioner's argument (raised in ground seven of the petition) that the cumulative effect of the errors raised in his other grounds rendered his trial fundamentally unfair. The magistrate judge concluded that the OCCA's rejection of petitioner's cumulative error claim was not unreasonable or contrary to clearly established law. *Id*. at 35. The magistrate judge further concluded that no federal constitutional errors were present in the state-court proceedings, and that lacking two or more errors to accumulate, petitioner could not show a violation of fundamental fairness. *Id.* The magistrate judge rejected the cumulative error claim as a basis for relief.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all matters covered in the Report, and it has reviewed all objected to matters *de novo*. The Report is detailed. The Report addresses the matters which form the basis of petitioner's objections. Having concluded its review, the court finds that it agrees with the conclusions stated in the Report and that no purpose would be served by any further analysis here.

Accordingly, plaintiff's objections to the Report are **DENIED**. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. In accordance with the Report, the petition for a writ of habeas corpus is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 6th day of July, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0921p001.wpd